**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MANUEL WOMANDRESS and SHARON WOMANDRESS,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC and DOES 1-50, inclusive,<br><br>Defendants. | Case № 5:16-cv-01007-ODW (KKx)<br><br>**ORDER DENYING PLAINTIFFS' SECOND EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [28]** |

## I. INTRODUCTION

On August 4, 2016, Plaintiffs Manuel and Sharon Womandress filed a second ex part application for a temporary restraining order seeking to enjoin Defendant Specialized Loan Servicing LLC from proceeding with a foreclosure sale on August 8, 2016. (ECF No. 24.) Defendant opposed. (ECF Nos. 25.) For the reasons discussed below, the Court **DENIES** Plaintiffs' application. (ECF No. 24.)

## II. FACTUAL BACKGROUND

Plaintiffs are the owners of a house located in Temecula, California. (First Am. Compl. ("FAC") ¶ 1.) On March 20, 2007, Plaintiffs received a loan from Residential

Mortgage Capital in the amount of $799,950 in order to purchase this house. (Req. for Judicial Notice, Ex. 1, ECF No. 21.) At some point, Defendant became Plaintiffs' loan servicer. (*See* FAC ¶ 7.) Plaintiffs allege that Defendant "intentionally overstated Plaintiffs' income on the loan application," failed to make numerous disclosures required under the Truth in Lending Act, and dual-tracked the mortgage in violation of the California Homeowner Bill of Rights Act. (*Id.* ¶¶ 12, 14–15, 24, 34–35.)

On April 11, 2016, Plaintiffs filed this action in the Riverside Superior Court. (ECF No. 1.) On May 13, 2016, Defendant removed the case to federal court. (*Id.*) On July 3, 2016, Plaintiffs filed a FAC, in which they assert the following causes of action: (1) violation of California Business and Professions Code section 17200; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the California Homeowners Bill of Rights Act. (ECF No. 15.) On July 6, 2016, Plaintiffs filed an ex parte application for a temporary restraining order, seeking to enjoin a foreclosure that was scheduled to go forward on July 8, 2016. (ECF No. 17.) The Court denied that TRO application, concluding that Plaintiffs had not shown a probability of prevailing on the merits of their claims or that the equities and public interest were in their favor. (ECF No. 23.)

On August 4, 2016, Plaintiffs filed a second ex parte application for a TRO seeking to enjoin Defendant from proceeding with a foreclosure sale on August 8, 2016. (ECF No. 24.) The following day, Defendant filed a timely opposition. (ECF Nos. 25.) That ex parte application is now before the Court for consideration.

### III.  LEGAL STANDARD

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a

1 likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest (the "*Winter* factors"). *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (original emphasis). In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132, 1135 (holding that the "sliding scale" test remains viable "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest").

## IV. DISCUSSION

This application is virtually identical to Plaintiffs' prior ex parte application, yet curiously does nothing to address the reasons for the Court's denial of that application. Based on Plaintiffs' moving papers, the Court sees no reason to depart from its prior conclusion that Plaintiffs have not met the *Winter* factors. (*See* ECF No. 23.) Consequently, the Court **DENIES** Plaintiffs' application.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Ex Parte Application for a Temporary Restraining Order. (ECF No. 23.)

**IT IS SO ORDERED.**

August 5, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**