O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MANUEL WOMANDRESS and SHARON WOMANDRESS,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC and DOES 1–50,<br><br>Defendant. | Case № 5:16-cv-01007-ODW (KKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [24]** |

## I.   INTRODUCTION

Defendant Specialized Loan Servicing, LLC moves to dismiss the First Amended Complaint for failure to plead facts to support an otherwise cognizable legal theory. Additionally, Defendant moves to dismiss on the grounds that Plaintiffs Manuel and Sharon Womandress' claims are barred by the statute of limitations. For the reasons discussed below, the Court **GRANTS** Defendant's Motion without leave to amend.[1]

/ / /

/ / /

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs obtained a mortgage for the subject real property on March 20, 2007, from nonparty lender Residential Capital Mortgage ("RCM"). (First Am. Compl. ("FAC") ¶ 1, ECF No. 15; Def.'s Req. for Judicial Notice ("RJN") Ex. 1, ECF No. 25.) The Deed of Trust shows that Plaintiffs borrowed $799,950 from RCM to purchase a property located in Temecula, California.[2] (RJN Ex. 1.)

On April 11, 2016, Plaintiffs filed this action in the Riverside Superior Court. (ECF No. 1.) A month later, Defendant removed the case to federal court, and soon thereafter moved to dismiss the Complaint. (ECF No. 12.) On July 3, 2016, Plaintiffs filed a FAC in lieu of opposing Defendant's Motion. (ECF No. 15.) The FAC asserts the following causes of action: (1) violation of California Business and Professions Code section 17200 ("UCL") and the federal Truth in Lending Act ("TILA"); (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the California Homeowners Bill of Rights Act ("HBOR"). (ECF No. 15.) Plaintiffs' FAC is identical to the Complaint with the exception that the TILA claim is now incorporated into the UCL claim. (*Compare* FAC ¶¶ 11–20, *with* Compl. ¶¶ 21–30.) In their untimely Opposition, Plaintiffs agreed to dismiss their HBOR claim. (Opp'n 5, ECF. No. 26.)

Plaintiffs' first cause of action alleges that Defendant "intentionally overstated Plaintiffs' income on the loan application" and failed to make numerous disclosures required under TILA, which Defendant knew would result in a loan Plaintiffs could not afford. (FAC ¶¶ 12, 14–15, 24, 34–35.) Plaintiffs further allege that Defendant engaged in "imprudent underwriting" during the loan origination, failed to comply

---

[2] The Court grants Defendant's Request for Judicial Notice as to the Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale, all of which are title documents that were recorded at the Riverside County Recorder's Office. *See* Fed. R. Civ. P. 201(b); *Ganesan v. GMAC Mortgage, LLC*, No. C 12-1935 MEJ, 2012 WL 4901440, at *1 & n.1 (N.D. Cal. Oct. 15, 2012); *Heuslein v. Chase Bank U.S.A., N.A.*, No. 09-CV-1292-IEG RBB, 2009 WL 3157484, at *3 (S.D. Cal. Sept. 24, 2009); *Harlow v. LSI Title Agency, Inc.*, No. 2:11-CV-01775-PMP, 2012 WL 5425722, at *2 (D. Nev. Nov. 6, 2012).

with notice and disclosure requirements under TILA during the application process, and violated the following California statutes during the loan origination process: Civil Code sections 1812.30, 1916.7, 1920, and 2955.5; and California Financial Code sections 4052, 4973, and 50204. (*Id.* ¶ 15.)

Plaintiffs' second cause of action alleges that Defendant breached the implied covenant of good faith and fair dealing when it willfully withheld numerous disclosures relating to excessive fees and finance charges and interest rate increases, and failed to disclose negative credit scores. (*Id.* ¶¶ 21–24.) Further, Plaintiffs allege that Defendant failed to advise them that they might be eligible for a home loan modification or other alternatives to foreclosure. (*Id.* ¶ 24.) They also allege that they sought "meaningful foreclosure prevention assistance from Defendant." (*Id.* ¶¶ 33–34.) Plaintiffs seek compensatory damages, punitive damages, equitable relief—including restitution and disgorgement of all profits—attorneys' fees and costs, declaratory relief, a permanent injunction, and loan rescission. (*Id.* ¶¶ 20, 25, 35.)

On June 20, 2016, Defendant moved to dismiss Plaintiffs' FAC under Rule 12(b)(6). (ECF No. 24.) Plaintiffs submitted an untimely Opposition, which the Court exercised its discretion to consider. (ECF Nos. 26, 27.) Defendant submitted a timely reply. (ECF No. 31.) The Motion is now before the Court for consideration.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the plaintiff. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Defendant argues that Plaintiffs have not alleged sufficient facts to state a claim for relief under the UCL, its underlying TILA claim, and breach of the covenant of good faith and fair dealing. (Mot. 1.) Defendant further argues that Plaintiffs' claims are barred by the statute of limitations, and that Plaintiffs have failed to plead delayed discovery or any other theory that would warrant tolling of the limitations period. (*Id.* at 4–7.) And because Plaintiffs have already had an opportunity to amend the Complaint, Defendant argues, the dismissal should be without leave to amend. (*Id.* at 3.) The Court agrees that Plaintiffs' claims are barred by the statute of limitations, and thus does not address Defendant's other arguments.

The statute of limitations for a claim for a breach of the covenant of good faith

and fair dealing is subject to a four-year statute of limitations under California Code of Civil Procedure section 337(1). *See Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006). The statute of limitations for a UCL claim is also four years. Cal. Bus. & Prof. Code § 17208; *see also Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176 (1971) ("The plaintiff's ignorance of the cause of action . . . does not toll the statute."). However, California's discovery rule provides that "a cause of action accrues when the plaintiff discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his or her cause of action. *Apr. Enter., Inc. v. KTTV*, 147 Cal. App. 3d 805, 826 (1983); *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1423 (2003) ("The harshness of this rule has been ameliorated in some cases where it is manifestly unjust to deprive plaintiffs of a cause of action before they are aware that they have been injured."). The discovery rule applies to UCL claims, *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1195 (2013), and to claims for breach of the implied covenant of good faith and fair dealing, *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 221 (1991). Finally, Plaintiffs' TILA claim is subject to a three-year limitations period for rescission claims, and a one-year limitations period for damage claims. 15 U.S.C. §§ 1635(f), 1640(e). TILA claims are subject to equitable tolling in appropriate circumstances. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) ("[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."). It is the Plaintiffs' burden to establish either delayed discovery or equitable tolling. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd sub nom. United States v. Kwai Fun*

*Wong*, 135 S. Ct. 1625 (2015); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

This Court agrees with Defendant that these claims are barred by the applicable statute of limitations, and that neither delayed discovery nor equitable tolling applies. First, the UCL claim was not, as Plaintiffs claim, tolled until Plaintiffs "hired [their] lawyer." (Opp'n 3.) Plaintiffs signed and looked over the original loan contract with RCM on March 20, 2007. (RJN, Ex. 1.) Since Plaintiffs allege that Defendant intentionally overstated their income in order to procure the original loan, Plaintiffs were put on notice of their claim the day the contract was signed. Instead, Plaintiffs sat on their claim—assuming there was anything fraudulent in the original loan contract—and filed their Complaint on April 11, 2016, long after the limitations period expired. (ECF No. 1; RJN, Ex. 1.) Accordingly, the UCL claim accrued at the time the loan was signed. Second, Plaintiffs' underlying TILA claim that Defendant engaged in "imprudent underwriting" at loan origination and failed to provide notice and disclosures required by TILA during the application process all occurred at the time the loan was signed. (FAC ¶ 15.) The TILA statute is clear that a plaintiff has one year to assert a claim from the time of the occurrence, *see* 15 U.S.C. § 1640, and Plaintiffs make no reasonable argument that the claim should be equitably tolled. As a result, this claim is also barred by the statute of limitations. Third, the limitations period on Plaintiffs' claim for breach of the covenant of good faith and fair dealing expired in 2011, and Plaintiffs have failed to identify any facts that would warrant the application of the delayed discovery rule. Accordingly, since none of the facts Plaintiffs allege raise the possibility that they could demonstrate delayed discovery, especially since they had sufficient opportunity to amend their complaint, it would be futile to allow leave to amend.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to

Dismiss. (ECF No. 24.) Defendant's Motion is granted entirely without leave to amend because the claims are time barred by the applicable statute of limitations. The Clerk of the Court is directed to enter judgment in favor of Defendant Specialized Loan Servicing, LLC pursuant to Federal Rule of Civil Procedure 58(b)(1)(C), and to close the case thereafter.

**IT IS SO ORDERED.**

September 30, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**